IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

DEION BORDERS
RICO PUE

Criminal No. 2:25-cr-90
[UNDER SEAL]

FILED
MAR 25 2025
CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, and Jeffrey R. Bengel, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a one-count Indictment against the above-named defendants for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS |
|---|---|---|---|
| One | Conspiracy to Commit Bank Fraud July 2021 to August 2024 | 18 U.S.C. § 1349 | ALL |

### II. ELEMENTS OF THE OFFENSE

A. As to Count 1:

In order for the crime of Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 1349, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the conspiracy, agreement, or understanding to commit violations of 18 U.S.C. § 1344(1) as described in the Indictment, was formed, reached, or entered into by two or more persons.

2. At some time during the existence of the conspiracy, agreement or understanding, the defendant knew the purpose of the agreement, and, with that knowledge, then deliberately joined the conspiracy, agreement or understanding.

### III. PENALTIES

A. **As to Count 1: Conspiracy to Commit Bank Fraud (18 U.S.C. § 1349):**

1. Imprisonment of not more than 30 years (18 U.S.C. §§ 1344 and 1349);

2. A fine not more than the greater of;

    (a) $1,000,000 (18 U.S.C. §§ 1344 and 1349);

    or

    (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than five (5) years (18 U.S.C. § 3583);

4. Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. <u>RESTITUTION</u>

Restitution may be required in this case as to Count One, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663A and 3664.

## VI. <u>FORFEITURE</u>

Forfeiture does not apply in this case.

Respectfully submitted,

TROY RIVETTI
Acting United States Attorney


*/s/ Jeffrey R. Bengel*
JEFFREY R. BENGEL
Assistant U.S. Attorney
DC ID No. 1018621
